**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Sharrod Bennett

   v.                                                    Civil No. 07-cv-107-PB

William Wrenn, Commissioner,
New Hampshire Department of Corrections

**O R D E R**

Currently before me for preliminary review is Sharrod Bennett's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  See Rule 4 of the Rules Governing § 2254 Proceedings (requiring initial review to determine whether the petition is facially valid and may be served).  As explained below, Bennett has not demonstrated that he has exhausted his available and effective State remedies as required by statute.  See 28 U.S.C. § 2254(b)(1) (providing that the writ "shall not be granted" unless petitioner has exhausted all available or effective State remedies).  I therefore order that Bennett amend his petition to demonstrate exhaustion consistent with this Order.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the action or any portion thereof should be dismissed because:

> (I) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

United States District Court for the District of New Hampshire Local Rule 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed

v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Sharrod Bennett entered a guilty plea to felonious sexual assault on June 1, 2004 in the New Hampshire Superior Court. Pursuant to a negotiated disposition in the case, Bennett was sentenced to 2 – 5 years in the New Hampshire State Prison. All of the sentence, except for the 322 days he had served prior to his plea, was suspended for a period of ten years. During that ten year window, the State would be able to move the sentencing court to impose the 2 – 5 year suspended sentence if Bennett

violated the following terms of his sentence: no contact with the victim of his offense, participation in counseling as recommended by his probation officer, and good behavior.  Bennett was also placed on probation for a period of two years to commence immediately upon his sentencing.  Bennett's sentencing mittimus explicitly permitted "revocation of probation and imposition of any sentence within the legal limits for the underlying offense" upon a finding that Bennett had committed a "[v]iolation of probation or any of the terms of [the] sentence."  The State also declined to prosecute a second more serious indictment against Bennett in consideration for his guilty plea to felonious sexual assault.

On February 14, 2005, Bennett's probation was revoked because, according to Bennett, he failed to apply for seven jobs per day as directed by his probation officer.  Bennett pleaded chargeable to the revocation, and was sentenced to serve 3 ½ – 7 years in prison, with credit given to him for the 354 days he had already served, the maximum period of incarceration allowed by statute for felonious sexual assault.  <u>See</u> N.H. Rev. Stat. Ann.

651:2(II) (providing for maximum 3 ½ – 7 year sentence for Class B felony).[1]

Bennett claims that at the time he agreed to the original negotiated plea in this case, he did so because his lawyer came to see him at the jail where Bennett was detained pretrial, and told Bennett that if he signed the plea agreement, that he could go home in a couple of days. Bennett states that, despite his signature on the relevant paperwork, he never understood the consequences of his plea or the waiver of his constitutional rights that occurred upon his plea. Bennett attributes his lack of understanding to the fact that he functions intellectually at a fourth grade level in math and spelling, a fifth grade level in reading, and a second grade level in language. Bennett asserts that despite his limited intellectual abilities, his attorney never moved the court to determine whether Bennett was competent to stand trial or enter a plea.

Bennett filed a petition for a writ of habeas corpus in the State Superior Court which was denied. Bennett filed an unsuccessful motion to reconsider the denial. Bennett then filed

---

[1] Bennett did receive credit for the 354 days he had already served in jail prior to his February 14, 2005 sentencing.

a notice of appeal in the New Hampshire Supreme Court.  The notice of appeal was declined.[2]

## Discussion

1. Claims

Bennett does not specifically identify and enumerate all of the claims he attempts to raise in his petition.  Liberally construing the complaint, however, I find that Bennett seeks to raise the following claims:

   1. The imposition of a 3 ½ – 7 year sentence Bennett received upon his probation revocation violated the terms of the negotiated plea agreement, which limited the imposition of a future sentence to 2 – 5 years, in violation of his Fourteenth Amendment due process rights;

   2. The plea violated Bennett's Fourteenth Amendment due process rights and his Fifth and Sixth Amendment trial rights, as the plea was not knowingly, intelligently, and voluntarily entered because Bennett did not, at the time of his guilty plea and sentencing, fully understand the terms of the sentence or the rights he was waiving by pleading guilty;

   3. The imposition of a 3 ½ – 7 year sentence, after Bennet was previously sentenced to a 2 – 5 year suspended sentence, amounts to a violation of the Fifth Amendment guarantee against double jeopardy, which protects Bennett from receiving multiple punishments for the same offense, or from having his sentence increased after it was imposed;

---

[2]Bennett has attached a copy of the motion to reconsider and the declination notice from the New Hampshire Superior Court to his petition.

    4.    Bennett received ineffective assistance of counsel, in violation of his Sixth Amendment right, in that his attorney failed to raise his competency in the trial court and failed to adequately explain to Bennett the consequences of his guilty plea or the terms of his sentence.

Bennett asserts that he is entitled to a writ of habeas corpus because the constitutional violations alleged render his conviction and sentence illegal.[3]

2. <u>Custody and Exhaustion</u>

To be eligible for habeas relief, Bennett must show that he is both in custody and has exhausted all State court remedies or that he is excused from exhausting those remedies because of an absence of available or effective State corrective processes. <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Adelson v. DiPaolo</u>, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the

---

[3]While I decline to comment on the merits of the claims at this juncture, the issues raised in petitioner's double jeopardy and due process claims, including the federal constitutional arguments that arise out of those claims, have previously been addressed by the New Hampshire Supreme Court in <u>State v. White</u>, 131 N.H. 555, 557 (1989) (When probation is imposed, trial court's sentencing function is not ended, and court retains jurisdiction to impose additional term of incarceration up to the balance of the maximum which could have been imposed for offense by statute, without violating State or federal double jeopardy or due process rights). I understand Bennett's argument here to allege that the holding of <u>White</u>, if applied to the facts of his case, would be unconstitutional as it contradicts Bennett's asserted rights as decided by the United States Supreme Court.

exhaustion principle). Bennett satisfies the first requirement, as he is currently incarcerated. However, the petition does not demonstrate satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, Maloney v Lanigan, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the State appellate courts so that the State had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).

Bennett has failed to present sufficient information or documentation to this court to demonstrate that each of the claims raised here, including the federal nature of the claims, was presented to the State appellate court. See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the

habeas petition had been presented for review in the State courts). Bennett has submitted a copy of a motion for reconsideration that he filed in the Superior Court. That motion clearly sets out Bennett's double jeopardy claim, including the federal constitutional nature of that claim. However, it is not clear whether that federal claim has been presented to the New Hampshire Supreme Court. Additionally, I cannot tell what other claims, if any, were raised in the State Superior and Supreme Courts because Bennett has not yet filed State pleadings that would demonstrate exhaustion of the claims made here. These documents would include, but not necessarily be limited to, habeas petitions, motions, notices of appeal, briefs, any attachments and appendices made to any pleading, notice or brief, or court orders that would demonstrate whether or not the claims raised here, including the federal nature of the claims, were specifically presented to the New Hampshire Supreme Court.

3. <u>Mixed Petition</u>

"[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his State remedies in respect to <u>each and every claim</u> contained within the

application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (emphasis added). If Bennett's petition contains both exhausted and unexhausted claims, and Bennett were to press his petition without first exhausting all of the claims contained therein, I would have to recommend dismissal of the entire petition. See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)). If the petition contains both exhausted and unexhausted claims, the proper course of action would be to stay this petition pending the exhaustion of all of the claims and compliance with this Order. See Rhines v. Weber, 544 U.S. 269, 278 (2005) (a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). Accordingly, Bennett must amend his petition to demonstrate exhaustion of his claims if they have, in fact, been exhausted, or must request a stay in order to return to the State courts to complete exhaustion.

### 4.     Foregoing Unexhausted Claims

It should be noted that Bennett has the option of foregoing his unexhausted claims, if any of his claims are in fact unexhausted, and requesting that this Court proceed promptly with consideration of only his exhausted claim or claims.  Bennett should be advised that if he does forego any of his claims, he will likely waive ever having the foregone claims considered by this Court due to the prohibition against second or successive federal habeas petitions.  See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997), cert. denied, 523 U.S. 1123 (1998).

### Conclusion

Bennett is ordered to amend his petition within thirty days of the date of this Order to identify, with specificity the claims, including the federal nature of the claims, that he intends to raise in this Court and to demonstrate exhaustion of those claims.  Bennett is instructed to establish that he has exhausted his State remedies with respect to each of the claims presented in his petition or that he is excused from the exhaustion requirement.  To make this showing, Bennett is instructed to provide this court with copies of documents filed

in the Superior Courts and the New Hampshire Supreme Court showing that each of the claims, including the federal nature of each claim, has been raised and exhausted below.  Bennett should also provide this Court with copies of any orders or opinions issued by the State courts relative to these matters that have not previously been submitted to this Court.

If the claims that Bennett seeks to pursue here are not exhausted, Bennett must notify the Court within thirty days of the date of this Order as to how he intends to proceed in this matter.  Bennett must either request a stay so that he may return to the State courts to complete exhaustion, or affirmatively forego his unexhausted claims if the petition is currently mixed.  If Bennett chooses to take further action in the State courts, once this case is stayed, Bennett must commence his State court action within thirty days of the date of this Order.

If Bennett elects to pursue further State court action, Bennett is directed to notify this Court of the status of the State court proceedings every ninety days.  When the claims are fully exhausted in the State courts, Bennett must, within thirty days of receiving the final State court decision, notify this

Court that the State court litigation is concluded and provide this Court with the documentation of exhaustion at that time.

Should Bennett fail to make a showing that he has exhausted his State court remedies for each of the grounds presented or otherwise fails to comply with this Order, the petition may be dismissed for failure to demonstrate exhaustion.[4]  See 28 U.S.C. § 2254(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     April 30, 2007

cc:       Sharrod Bennett, pro se

---

[4] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Bennett's claims. See Slack v. McDaniel, 529 U.S. 473 (2000).